UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ELWYN LEE SMITH,

      Plaintiff,

v.

M.P. CONWAY, L.L. PAULE,                 Civil No. 15-4286 (JNE/SER)
CYNTHIA BAUERLY, JANIS                   ORDER
MARCORT, JOHN DOE, and MARY
ROWE,

      Defendants.

Plaintiff Elwyn Lee Smith brings this action against defendants M.P. Conway, L.L. Paule, Cynthia Bauerly, Janis Macort (incorrectly spelled throughout Smith's papers as "Marcort"), and placeholders John Doe and Mary Rowe, in connection with his protestations against federal and state tax withholdings from his paychecks. Bauerly and Macort move to dismiss Smith's Complaint with prejudice. [Dkt. Nos. 7, 33 ("Motions to Dismiss").] Smith also has filed various motions, including three separate motions for default judgment. [Dkt. Nos. 20, 30, 39, 48 ("Smith's Motions").] These motions are before the Court pursuant to a Report and Recommendation dated July 29, 2016, by the Honorable Steven E. Rau, United States Magistrate Judge. After holding a hearing on all the motions, Magistrate Judge Rau recommended that the Motions to Dismiss be granted, that Smith's Motions be denied, and that this action be dismissed with prejudice. Smith objected [Dkt. No. 66], and Bauerly and Macort each responded [Dkt. Nos. 68, 69]. The Court conducted a de novo review of the record consistent with Local Rule 72.2(b). Based on that review, the Court ADOPTS the Report and Recommendation [Dkt. No. 65] in its entirety.

A threshold matter is Smith's "demand" for an Article III judge to hear his motions. Dkt. No. 66, at 1, 3. Magistrate Judge Rau's consideration of the Motions to Dismiss and Smith's Motions was entirely proper. The Court referred all of these motions to Magistrate Judge Rau for his consideration. [Dkt. No. 32.] United States magistrate judges are empowered by Congress to hear non-dispositive pretrial motions, and in this District, under the Local Rules, such motions are automatically designated for the magistrate judge's consideration. 28 U.S.C. § 636(b)(1)(A); D. Minn. L.R. 72.1(a)(2). Moreover, the Court may refer dispositive motions like motions to dismiss or motions for default judgment to a magistrate judge for him to hold hearings and submit recommendations as to the disposition of the motions. 28 U.S.C. § 636(b)(1)(B); *see also* D. Minn. L.R. 72.1(b). Thus, Magistrate Judge Rau's consideration of the Motions to Dismiss and Smith's Motions and his submission of the Report and Recommendation were proper.

Smith is entitled to have this Court review and "make a de novo determination of those portions of the [Report and Recommendation] or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Smith may rest assured that, as stated above, the Court has conducted a de novo review of the record consistent with 28 U.S.C. § 636(b)(1)(C) and L.R. 72.2(b)(3). His arguments and objections have been carefully considered by this Court.

The Court agrees with Magistrate Judge Rau's well-reasoned conclusions that Smith's various arguments and allegations have no merit. Smith's objections are also meritless. They primarily repeat the general themes of his Complaint and motion papers, which as the Report and Recommendation explains, advocate tax-protestor and "sovereign citizen" arguments that have been roundly rejected by the federal courts. *See* Dkt. No. 66, at 3 ("i am a man, on the land, a

child of the Creator, the one true God.  i remain foreign to the United States and the State of Minnesota and hold my allegiance to the organic Nebraska state and to the American States as a born free national . . . ."); *e.g.*, *United States v. Gerads*, 999 F.2d 1255, 1256 (8th Cir. 1993) (discussing as "frivolous" and "meritless" various arguments similar to Smith's, including that appellants were "not citizens of the United States, but rather 'Free Citizens of the Republic of Minnesota' and, consequently, not subject to taxation"); *May v. C.I.R.*, 752 F.2d 1301, 1304 (8th Cir. 1985) ("Tax protest cases like this one raise no genuine controversy; the underlying legal issues have long been settled.").  Smith may sincerely hold such beliefs, but he is advised that they reflect fundamental miscomprehensions about this country, its Constitution, and its laws.  Setting aside those arguments, the Court also notes Smith's argument that the Court has jurisdiction because "[d]iversity of citizenship is also claimed."  Dkt. No. 66, at 1.  Smith appears to be responding to the Report and Recommendation's conclusion that under the Tax Injunction Act (28 U.S.C. § 1341) and the Anti-Injunction Act (26 U.S.C. § 7421), the Court lacks jurisdiction over Smith's claims to the extent they seek injunctive relief against the named defendants in connection with the collection of federal and state taxes.  Smith has not properly alleged facts supporting the exercise of diversity jurisdiction, because he has not alleged not complete diversity among the parties.  *Compare* Compl. ¶ 1 (Smith's Minnesota address), *with* Compl. ¶ 2(c) (Bauerly's Minnesota address); *see also* Compl. ¶ 3 (not alleging diversity of citizenship).  Even if Smith had properly alleged diversity jurisdiction, the jurisdictional bars imposed by the Tax Injunction Act and Anti-Injunction Act would nonetheless prevent the Court from exercising jurisdiction over his requests for injunctive relief against the Defendants.  *See Pagonis v. United States*, 575 F.3d 809, 815 (8th Cir. 2009) (assertion of a federal question could not "override the more specific jurisdictional limitations in 26 U.S.C. § 7421").

As for Smith's claim for replevin against Macort, the Payroll Department employee at Smith's employer Iron Mountain who notified Smith of the Internal Revenue Service's notice of levy on his wages, Compl. ¶ 11 & Ex. B, the Court agrees with the Report and Recommendation's analysis and conclusion that, even viewing these *pro se* claims liberally, they fail to state a claim upon which relief can be granted.  The Court further agrees that Smith's Complaint is so "deficient or defective" that no amount of re-pleading will cure its deficiencies and that the action should therefore be dismissed with prejudice.  *Perez v. Bank of Am., N.A.*, No. Civ. 13-2437 (JRT/JSM), 2014 WL 2611838, at *11 n.6 (D. Minn. June 10, 2014) (citing cases).

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant Cynthia Bauerly's Motion to Dismiss for Lack of Jurisdiction [Dkt. No. 7] is GRANTED.

2. Plaintiff Elwyn Lee Smith's Motion for Default Judgment and Motion for Replevin [Dkt. No. 20] is DENIED.

3. Plaintiff Elwyn Lee Smith's Motion for the Court to Order Janis Marcort or Iron Mountain to Terminate IRS's Order from M.P. Conway to Take Federal Withholding at 0 Exemption Rate [Dkt. No. 30] is DENIED.

4. Defendant Janis Macort's Motion to Dismiss [Dkt. No. 33] is GRANTED.

5. Plaintiff Elwyn Lee Smith's Motion for Default Judgment [Dkt. No. 39] is DENIED.

6. Plaintiff Elwyn Lee Smith's Motion and Support for Default Judgment & Repl[e]v[i]n [Dkt. No. 48] is DENIED.

7. This action is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 9, 2016

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge